UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA G. PENA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-51 |
| | § | |
| MARINER HEALTH CARE, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

On this day the Court sua sponte considered its subject-matter jurisdiction over the above-styled action. For the reasons set forth below, the Court finds that subject-matter jurisdiction is lacking, and the above-styled action is hereby REMANDED pursuant to 29 U.S.C. § 1447(c) to the District Court of Duval County, Texas, 229th Judicial District, where it was originally filed and assigned Cause Number DC-07-62.

I. **Background**

This case has a long and complicated procedural history, which is set forth in detail in this Court's October 9, 2007 Order of Remand in Pena v. Mariner Health Care, Inc., et al., Case No. 07-179. (Case No. 07-179, D.E. 73). This is the second attempted removal of the same case. The background pertinent to this Order is set forth below.

In March, 2007, Plaintiff filed an "Application for Arbitration of Claims" in state court. (Case No. 07-179, D.E. 10, Attachments to Notice of Removal). In her Application for Arbitration, Plaintiff sought arbitration of a (1) personal injury claim related to a fall in a nursing facility; and (2) arbitration of a purported class action regarding the admission agreement signed by certain nursing facility residents. (Id.).

1

Plaintiff had various difficulties with service of process in the case, initially naming Mariner Health Care, Inc. ("Mariner") as the Respondent, but only serving SavaSeniorCare Administrative Services, L.L.C. ("SavaSeniorCare") as the "successor in interest" to Mariner. SavaSeniorCare initially removed the case on April 18, 2007. (Case No. 07-179, D.E. 10, Notice of Removal).[1]

On June 15, 2007, the Court held an initial pretrial and scheduling conference in Case No. 07-179. "During the conference, counsel for the Plaintiff admitted that the personal injury claim and the class action claim" raised in Plaintiff's Application for Arbitration "are not factually related." (Case No. 07-179, D.E. 16, Order, p. 1). Accordingly, the parties agreed to sever Plaintiff's personal injury claim and compel arbitration on that claim. (Id., p. 1, "The Court ORDERS that Plaintiff's personal injury claim ... be SEVERED from her putative class action claim and further ORDERS that the personal injury claim be sent to arbitration.").

As for Plaintiff's putative class action claim, the Court REMANDED that claim back to the 229th Judicial District Court of Duval County, Texas on October 9, 2007 (Case No. 07-179, D.E. 73, Order of Remand). Because the Court had already severed Plaintiff's personal injury claim and sent it to arbitration, the only claim remaining for remand was Plaintiff's purported class action claim regarding the resident admission agreement. As set forth in detail in the Court's Order of Remand, the amount in controversy regarding this purported class action claim did not meet the jurisdictional requirements of 28 U.S.C. § 1332. (Id., pp. 8-10). Accordingly, the Court REMANDED this claim back to the state court. (Id., p. 11). Following remand of Plaintiff's remaining claim, the case was terminated on October 9, 2007.

---

[1] Plaintiff later named numerous other Defendants in her purported class action case. (Case No. 07-179, D.E. 21, Amended Class Complaint).

Mariner filed the instant Notice of Removal on February 19, 2008, attempting to remove this case a second time on the basis of diversity jurisdiction. (Case No. 08-51, D.E. 1, Notice of Removal). Mariner bases its removal on an "Application for Order to Compel Arbitration" filed by Plaintiff in Texas state court on January 23, 2008. (Id., Exh. L). This Application filed by Plaintiff concerns the ongoing arbitration of Plaintiff's personal injury claim. Specifically, Plaintiff seeks to add Mariner as a party to the ongoing personal injury arbitration. (Id.). Even though the document relates solely to the personal injury claim that was severed and sent to arbitration, Mariner incorrectly claims that Plaintiff's Application now makes the case removable to this Court. (Case No. 08-51, D.E. 1, Notice of Removal, ¶ 1).

II.     **Discussion**

   A.     **General Removal Principles**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. See 28 U.S.C. § 1441(a). A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

It is well-settled that the removing party bears the burden of showing that the removal was proper.  See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute.  See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000, exclusive of interests and costs.[2]  See 28 U.S.C. § 1332(a).

B. **Lack of Subject-Matter Jurisdiction**

In this case, Mariner essentially claims that Plaintiff's January 23, 2008 application to add Mariner as a party in the personal injury arbitration constitutes "other paper" so as to make the case removable to this Court.  (Case No. 08-51, D.E. 1, Notice of Removal, ¶ 8).  As set forth below, this is patently not the case.

Plaintiff's January 23, 2008 Application pertains solely to Plaintiff's personal injury claim that is currently in arbitration.  Specifically, Plaintiff seeks to add Mariner as a party to the arbitration.  *Plaintiff's personal injury claim remains severed from Plaintiff's purported class action claim, and Plaintiff's personal injury claim remains in arbitration*.  (See Case No. 07-179, D.E. 16, Order, ¶ 1).[3]

---

[2] The amount in controversy requirements for a class action are discussed in detail in the Court's October 9, 2007 Order of Remand, pp. 9-10.  (Case No. 07-179, D.E. 73, Order of Remand).

[3] Plaintiff's personal injury claim is not before this Court, as it remains pending before the arbitration panel.

Mariner seems to argue that Plaintiff's request to add Mariner as a party to the arbitration somehow "re-joins" Plaintiff's purported class action claim with Plaintiff's personal injury arbitration.[4] (Case No. 08-51, D.E. 1, Notice of Removal, ¶ 8). Mariner cites no law for this proposition, and does not account for this Court's Order No. 16 in Case No. 07-179, clearly severing Plaintiff's personal injury claim from her class action lawsuit. (Case No. 07-179, D.E. 16, Order, ¶ 1). Mariner also raises Plaintiff's earlier request for "excess" of $200,000 in damages for her personal injury claim. (Id.). However, because of the severance, the amount in controversy regarding Plaintiff's personal injury claim does not impact the amount in controversy in Plaintiff's purported class action case. While Plaintiff has consistently claimed that the amount in controversy in the personal injury suit exceeds $200,000, the amount in controversy regarding Plaintiff's purported class action does not meet the jurisdictional requirements of 28 U.S.C. § 1332. (Case No. 07-179, D.E. 73, Order of Remand, pp. 8-11). Because of this deficiency regarding the amount in controversy, the Court REMANDED Plaintiff's purported class action claim on October 9, 2007. (Id.). Plaintiff has not raised anything new with respect to the amount in controversy for her purported class action, which

---

[4]The Court notes that Plaintiff for some reason filed her application to add Mariner to the arbitration using the same cause number as the purported class action claim. (Notice of Removal, ¶¶ 7-8). However, regardless of what number Plaintiff uses to file her documents, the purported class action and the personal injury arbitration remain SEVERED from one another, per this Court's June 15, 2007 Order. (Case No. 07-179, D.E. 16, Order, ¶ 1).

must remain REMANDED pursuant to this Court's October 9, 2007 Order.[5]  (Case No. 07-179, D.E. 73, Order of Remand).[6]

---

[5]The Court notes that Plaintiff has non-suited certain other named Defendants from Plaintiff's purported class action claim.  That does not change the fact that the purported class action and the personal injury arbitration are completely separate entities, and Plaintiff's actions regarding the personal injury arbitration have no bearing on the removability of the purported class action.

[6]The Court notes that the document that triggered this second removal of the case concerns whether Mariner is a proper party to the personal injury arbitration.  Plaintiff appears to have filed the document in response to an order by the arbitration panel that if the parties could not agree on proper party opponents, then "any party may seek relief from a Court of competent jurisdiction by way of an Application for an Order to Compel Arbitration."  (Order of Arbitration Panel, Attach. A to Exh. L to Notice of Removal).  The Court ORDERED Plaintiff's personal injury claim to arbitration on June 15, 2007 (Case No. 07-179, D.E. 16, Order, ¶ 1).  In this case, the matter of whether a party is a proper party to an arbitration is a matter that should be initially decided by the *arbitration panel*, not this Court.  See, e.g., Bridas S.A.P.I.C. v. Gov't of Turkmenistan, 345 F.3d 347, 352 (5th Cir. 2003) (internal quotations omitted) (arbitral panel determined whether "the Government [of Turkmenistan] [was] a proper party to the arbitration."); Bettis Group, Inc. v. Transatlantic Petroleum Corp., 2002 WL 31933189, at *7 (5th Cir., Dec. 23, 2002) (arbitrator "rendered a preliminary decision, holding that [certain parties] were proper parties to the arbitration"); Surface Preparation and Coating Enterprises, Inc. v. Elite Masonry, Inc., 1995 WL 103330, at *3 (5th Cir., Feb. 24, 1995) (affirming *arbitrator's* decision that an entity "was a proper party to the arbitration.").

In sum, Mariner has no basis for removing the case a second time.  There is nothing "new" in Plaintiff's attempt to make Mariner a party to the arbitration that warrants the second removal of this case.  The personal injury arbitration and the purported class action claim remain severed from one another, and there has been no change in the amount in controversy status of the purported class action claim.  The personal injury claim remains in arbitration, and the Court lacks jurisdiction over the purported class action claim because the amount in controversy does not meet the jurisdictional requirements of 28 U.S.C. § 1332.[7]  Accordingly, the Court lacks subject-matter jurisdiction over this case, and it must be REMANDED back to state court.

III.   **Conclusion**

For the reasons set forth above, the above-styled action is hereby REMANDED for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c) to the District Court of Duval County, Texas, 229th Judicial District, where it was originally filed and assigned Cause Number DC-07-62.

SIGNED and ORDERED this 20th day of February, 2008.

_____
Janis Graham Jack
United States District Judge

---

[7] This Court's October 9, 2007 Order of Remand contains a detailed discussion of the amount in controversy issue in the purported class action case.  (See Case No. 07-197, D.E. 73, Order of Remand, pp. 8-11).